**Opinion issued March 14, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00776-CV**

———————————

**IRIS VANNETTE BELL, Appellant**

**V.**

**LANDING AT WESTCHASE APARTMENTS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1210333**

## MEMORANDUM OPINION

We withdraw our previous opinion and judgment of March 5, 2024, and issue the following opinion in its stead.

In this forcible-detainer action, appellant Iris Vannette Bell appeals from the county court's judgment granting possession of certain real property to appellee, Landing at Westchase Apartments. We dismiss the appeal as moot.

The only issue in a forcible-detainer action is the right to actual possession of the subject property; "the merits of title shall not be adjudicated." TEX. R. CIV. P. 510.3(e); *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Therefore, although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

The record reflects that appellant did not supersede the judgment and that appellant no longer has possession of the property at issue in the underlying forcible detainer action. On January 23, 2024, this Court issued a letter informing appellant that the record indicated that the appeal is moot because appellee now has possession of the subject property. We requested that appellant file a response to whether the

appeal was moot. Appellant did not respond, and therefore, has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790 (when case becomes moot on appeal, appellate court must set aside trial court judgment and dismiss case); *Wilhelm*, 349 S.W.3d at 769; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); TEX. R. APP. P. 42.3(a), (c). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.